UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CARLOS DIAZ,

    Plaintiff,

vs.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____)

The Plaintiff, CARLOS DIAZ ("DIAZ"), by and through the undersigned counsel, hereby sues The Prudential Insurance Company of America ("PRUDENTIAL") and alleges:

## PRELIMINARY ALLEGATIONS

1.     "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2.     DIAZ was at all times relevant a plan participant under the Xerox Corporation Group Long-term Disability Plan # DG-3100-CT ("LTD" Plan).[1]

3.     Defendant, PRUDENTIAL, is a Corporation with its principal place of business

---

[1] A copy of the LTD Plan is attached hereto as Exhibit "A."

in the State of New Jersey, authorized to transact and transacting business in the Southern District of Florida.

4. PRUDENTIAL is the insurer of benefits under the LTD Plan and acted in the capacity of a plan administrator. As the decision maker and payor of plan benefits, PRUDENTIAL administered the claim with a conflict of interest and the bias this created affected the claims determination.

5. The PRUDENTIAL LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Xerox Corporation ("Xerox"), under which DIAZ was a participant, and pursuant to which DIAZ is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, DIAZ is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as DIAZ remains disabled as required under the terms and conditions of the LTD plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, PRUDENTIAL, is authorized to and is doing business within the Southern District of Florida, and can be found in the Southern District of Florida.

### CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

7. DIAZ incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, DIAZ was an employee of Xerox and a plan participant under the terms and conditions of the LTD Plan.

9. During the course of DIAZ's employment DIAZ became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while DIAZ was covered under the

LTD Plan DIAZ suffered a physical disability as a result of Sickness, the nature of which, due to privacy, is detailed within the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

10. As it relates to DIAZ's current claim for benefits, Disability is defined to mean:

**How Does Prudential Define Disability?**
You are disabled when Prudential determines that due to your *sickness* or *injury*:

- you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience; and
- you are under the *regular care* of a *doctor*.

11. Due to restrictions and limitations arising from a physical "sickness", resulting in "disability" from his occupation at Xerox, DIAZ made a claim to PRUDENTIAL for benefits under the LTD Plan beginning April 25 2017.

12. PRUDENTIAL denied DIAZ's claim for long-term disability benefits in a letter dated July 28, 2020.

13. DIAZ timely appealed PRUDENTIAL's adverse benefit determination.

14. On or about April 28, 2021, PRUDENTIAL affirmed its adverse determination and upheld its decision to deny DIAZ's LTD benefits.

15. DIAZ has fully complied with filing all mandatory administrative appeals required under the LTD Plan.

16. PRUDENTIAL breached the LTD Plan and violated ERISA in the following respects:

   a. Failing to pay LTD benefits to DIAZ at a time when PRUDENTIAL and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as DIAZ was disabled and unable to work and therefore entitled to benefits.

    b. After DIAZ's claim was denied in whole or in part, PRUDENTIAL failed to adequately describe to DIAZ any additional material or information necessary for DIAZ to perfect his claim along with an explanation of why such material is or was necessary.

    c. Ignoring objective and independent findings by the social security administration finding that DIAZ is totally disabled and unable to work in his occupation or any occupation.

    d. PRUDENTIAL failed to properly and adequately investigate the merits of DIAZ's disability claim and failed to provide a full and fair review of DIAZ's claim.

17. DIAZ believes and alleges that PRUDENTIAL wrongfully denied his claim for LTD benefits under the LTD Plan, by other acts or omissions of which DIAZ is presently unaware, but which may be discovered in this future litigation and which DIAZ will immediately make PRUDENTIAL aware of once said acts or omissions are discovered by DIAZ.

18. As a proximate result of the aforementioned wrongful conduct of PRUDENTIAL under the LTD Plan, DIAZ has damages for loss of disability benefits in a total sum to be shown at the time of trial.

19. As a further direct and proximate result of this improper determination regarding DIAZ's claim for benefits, DIAZ, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), DIAZ is entitled to have such fees and costs paid by PRUDENTIAL.

20. The wrongful conduct of PRUDENTIAL has created uncertainty where none should exist; therefore, DIAZ is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, CARLOS DIAZ prays for relief against THE PRUDENTIAL INSURANCE COMPANY OF AMERICA as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

Dated: July 27, 2022

                ATTORNEYS DELL AND SCHAEFER, CHARTERED
                Attorneys for Plaintiff
                2625 Weston Road
                Weston, FL 33331
                Phone: (954) 620-8300
                Fax: (954) 922-6864

                *S/ Rachel Alters*
                RACHEL ALTERS, ESQUIRE
                Florida Bar No: 106232
                Email: Rachel@diattorney.com